# 14-3704-cv

## United States Court of Appeals

*for the*

## Second Circuit

---

EDGAR SOSA,

*Plaintiff-Appellant,*

— v. —

MEDSTAFF, INC., CROSS COUNTRY HEALTHCARE, INC., CORNELL
UNIVERSITY, WEILL CORNELL MEDICAL COLLEGE, ADELA VARGAS,
Individually, GUY MAZZ, DAVID GREENE, Individually, ISABEL
STANSHINE, Individually,

*Defendants-Appellees,*

RUBEN NIESVIZKY, Individually,

*Defendant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK, CASE NO. 1:12-CV-08926
THE HONORABLE NAOMI REICE BUCHWALD, U.S.D.J.

## BRIEF ON BEHALF OF DEFENDANTS-APPELLEES LOCAL STAFF, LLC, CROSS COUNTRY HEALTHCARE, INC., DAVID GREENE, INDIVIDUALLY AND ISABEL STANSHINE, INDIVIDUALLY

JOSEPH C. O'KEEFE
PROSKAUER ROSE LLP
*Attorneys for Defendants-Appellees Local
Staff, LLC, Cross Country Healthcare, Inc.,
David Greene, Individually and Isabel
Stanshine, Individually*
One Newark Center, 18th Floor
Newark, New Jersey 07102
(973) 274-3200

# CORPORATE DISCLOSURE STATEMENT

Defendant-appellee Local Staff, LLC, incorrectly named in the Complaint as "Medstaff, Inc.," certifies that it is a wholly-owned subsidiary of Cross Country Staffing, Inc.

Defendant-appellee Cross Country Healthcare, Inc. certifies that it has no parent corporation and that no publicly held corporation owns ten percent (10%) or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ...........................................................i

TABLE OF CONTENTS.................................................................................. ii

TABLE OF AUTHORITIES .............................................................................. iii

JURISDICTIONAL STATEMENT ....................................................................1

COUNTER-STATEMENT OF THE ISSUES .......................................................3

COUNTER-STATEMENT OF THE CASE ..........................................................4

    I.      The Defendants-Appellees ..................................................................4

    II.     Factual Background.............................................................................5

    III.   Procedural History..............................................................................6

SUMMARY OF ARGUMENT .........................................................................8

STANDARD OF REVIEW ..............................................................................9

ARGUMENT .................................................................................................9

    THE DISTRICT COURT CORRECTLY CONCLUDED THAT
    SOSA DID NOT PRESENT A *PRIMA FACIE* CASE OF
    RETALIATION WHERE NO OBJECTIVELY REASONABLE
    PERSON COULD HAVE HAD A GOOD-FAITH BELIEF HE
    WAS SUBJECTED TO RACIAL DISCRIMINATION ...............................9

    I.      VARGAS'S "STREET" COMMENT CANNOT
         PLAUSIBLY MEET THE OBJECTIVE GOOD-FAITH,
         REASONABLE BELIEF REQUIREMENT FOR
         PURPOSES OF TITLE VII AND § 1981.........................................11

    II.     VARGAS'S "SO STREET" COMMENT ALSO DOES NOT
         SUPPORT A NYCHRL RETALIATION CLAIM ...........................20

CONCLUSION ............................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Alexander v. Gerhardt Enterprises, Inc.*,
    40 F.3d 187 (7th Cir. 1994) ................................................................. 17-18

*Alfano v. Costell*,
    294 F.3d 365 (2d Cir. 2002) ....................................................... 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................. 9, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................. 9, 10

*Budzanoski v. Pfizer, Inc.*,
    1996 WL 808066 (Sup. Ct. N.Y. Cnty. Dec. 17, 1996) .............................. 20

*Butler v. Ala. Dep't of Transp.*,
    536 F.3d 1209 (11th Cir. 2008) ................................................... 16

*Clark Cnty. Sch. Dist. v. Breeden*,
    532 U.S. 268 (2001).............................................................. 12

*Clover v. Total Sys. Servs., Inc.*,
    176 F.3d 1346 (11th Cir. 1999) ................................................... 14

*Danzer v. Norden Sys., Inc.*,
    151 F.3d 50 (2d Cir. 1998) ...................................................... 15

*Desardouin v. City of Rochester*,
    708 F.3d 102 (2d Cir. 2013) ..................................................... 15

*Drumm v. SUNY Geneseo Coll.*,
    486 F. App'x 912 (2d Cir. 2012).................................................. 16

*Fattoruso v. Hilton Grand Vacations, LLC*,
    525 F. App'x 26 (2d Cir. 2013) .................................................. 20

*Fletcher v. Dakota, Inc.*,
    99 A.D.3d 43 (1st Dep't 2012) ................................................... 20

*Fruchtman v. City of New York*,
    Index No.: 113520/2008, 2014 WL 1234146
    (Sup. Ct. N.Y. Cnty. Mar. 20, 2014) ............................................ 20

*Galdieri-Ambrosini v. Nat. Realty & Dev. Corp.*,
    136 F.3d 276 (2d Cir. 1998) .......................................................................14

*Greene v. A. Duie Pyle, Inc.*,
    170 F. App'x 853 (4th Cir. 2006)................................................................17

*Hahn v. Bank of Am. Inc.*,
    No. 12-cv-4151 (DF), 2014 U.S. Dist. LEXIS 45886
    (S.D.N.Y. Mar. 31, 2014) .............................................................................18

*Harper v. Blockbuster Entm't Corp.*,
    139 F.3d 1385 (11th Cir. 1998) ..................................................................14

*Henderson v. Waffle House, Inc.*,
    238 F. App'x 499 (11th Cir. 2007) ..............................................................16

*Hicks v. Baines*,
    593 F.3d 159 (2d Cir. 2010) .......................................................................11

*Jordan v. Alt. Res. Corp.*,
    458 F.3d 332 (4th Cir. 2006) ...........................................................12, 13, 16

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
    716 F.3d 10 (2d Cir. 2013) ..............................................................12, 13, 14

*Lederman v. N.Y. City Dep't of Parks & Recreation*,
    731 F.3d 199 (2d Cir. 2013), *cert. denied*, 145 S. Ct. 1510 (2014) ..........1, 15

*Leeds v. Meltz*,
    85 F.3d 51 (2d Cir. 1996) ...........................................................................10

*Maldonado v. George Weston Bakeries*,
    441 F. App'x 808 (2d Cir. 2011)..................................................................10

*Malik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013) .......................................................................21

*McMenemy v. City of Rochester*,
    241 F.3d 279 (2d Cir. 2001) .......................................................................12

*Melman v. Montefiore Med. Ctr.*,
    98 A.D.3d 107 (1st Dep't 2012) ..................................................................21

*Norton v. Sam's Club*,
    145 F.3d 114 (2d Cir. 1998) ....................................................................1, 15

*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998)............................................................................20

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007) ..........................................................10

*Port Dock & Stone Corp. v. Oldcastle Ne. Inc.*,
    507 F.3d 117 (2d Cir. 2007) ..........................................................10

*Reed v. A.W. Lawrence & Co.*,
    95 F.3d 1170 (2d Cir. 1996) ..........................................................17

*Riscili v. Gibson Guitar Corp.*,
    605 F. Supp. 2d 558 (S.D.N.Y. 2009) ....................................13, 14

*Robinson v. Cavalry Portfolio Servs., LLC*,
    365 F. App'x 104 (10th Cir. 2010) ...............................................16

*Rodas v. Town of Farmington*,
    567 F. App'x 24 (2d Cir. 2014) ........................................ 11-12, 15

*Routolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) ............................................................9

*Saqib v. Stein deVisser & Mintz, P.C.*,
    No. 09-4624-cv, 2010 WL 2382253 (2d Cir. June 15, 2010) ......16

*Selevan v. N.Y. Thruway Auth.*,
    584 F.3d 82 (2d Cir. 2009) ..............................................................9

*Serdans v. N.Y. & Presbyterian Hosp.*,
    112 A.D.3d 449 (1st Dep't 2013)...................................................21

*Sullivan-Weaver v. N.Y. Power Auth.*,
    114 F. Supp. 2d 240 (S.D.N.Y. 2000) ..........................................12

*Thomas v. iStar Fin., Inc.*,
    438 F. Supp. 2d 348 (S.D.N.Y. 2006) ....................................18, 19

*Williams v. N.Y. City Hous. Auth.*,
    61 A.D.3d 62 (1st Dep't), *leave to appeal denied*, 13 N.Y.3d 702 (2009)...20, 21

*Wimmer v. Suffolk Cnty. Police Dep't*,
    176 F.3d 125 (2d Cir. 1999) ....................................................14, 16

**Statutes & Other Authorities:**

28 U.S.C. § 1291 ..................................................................................2

42 U.S.C. § 1981 ............................................................................*passim*

42 U.S.C. § 2000e ..........................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ...............................................................1, 7, 9

Fed. R. Civ. P. 12(c) ...........................................................................2, 7

New York City Human Rights Law, Admin. Code § 8-107 ..........................*passim*

# JURISDICTIONAL STATEMENT

Plaintiff-appellant Edgar Sosa ("Sosa") appeals the Memorandum and Order of the Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York dated December 12, 2013 (the "December 12th Order") granting defendants-appellees' Cross Country Healthcare, Inc., Local Staff, LLC (improperly named in the Complaint as "Medstaff, Inc."), David Greene ("Greene") and Isabel Stanshine ("Stanshine") (collectively, the "Cross Country Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to the extent that the Order dismisses Sosa's claims of retaliation brought pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the New York City Human Rights Law, Admin. Code § 8-107 *et seq.* ("NYCHRL") against the Cross Country Defendants.[1]

Sosa also appeals the Memorandum and Order of Judge Buchwald dated September 3, 2014 (the "September 3rd Order") granting defendants-appellees' Cornell University ("Cornell"), Weill Cornell Medical College ("Weill"), Adela

---

[1] The December 12th Order also dismisses Sosa's Title VII, § 1981 and NYCHRL racial discrimination and hostile work environment claims asserted against the Cross Country Defendants. This appeal does not challenge the District Court's dismissal of these claims and, therefore, those dismissals are non-reviewable by this Court. *Lederman v. N.Y. City Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Issues not sufficiently argued will be deemed waived and ineligible for appellate review"), *cert denied*, 145 S. Ct. 1510 (2014); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (same).

Vargas ("Vargas") and Guy Mazza ("Mazza") (collectively, the "Weill Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(c) to the extent that the Order dismisses Sosa's claims of retaliation brought pursuant to Title VII, § 1981, and the NYCHRL against the Weill Defendants.

Pursuant to 28 U.S.C. § 1291, this Court has subject matter jurisdiction over this appeal because it is an appeal from the District Court's final orders dismissing Sosa's retaliation claims against the Cross Country Defendants and the Weill Defendants.

## COUNTER-STATEMENT OF THE ISSUES

Did the District Court properly conclude, as a matter of law, that the comment "you're so street Eddie, you're so street" made by an employee of the Weill Defendants, even when viewed in the light most favorable to Sosa, was insufficient to create an objective good-faith, reasonable belief that Sosa was subjected to racial discrimination and, therefore, could not support a *prima facie* case of retaliation under Title VII, § 1981 and the NYCHRL?

\* \* \*

Cross Country Defendants submit that the above question should be answered "yes" and, therefore, the December 12th Order of the District Court should be affirmed.

# COUNTER-STATEMENT OF THE CASE

## I.     The Defendants-Appellees

Cross Country is a Delaware corporation headquartered in Boca Raton, Florida.  (A-9.)  Cross Country is a holding company, with no employees, that owns non-defendant, Cross Country Staffing, Inc., which in turn owns Local Staff (improperly named "Medstaff, Inc.").  (A-10.)  Local Staff provides medical staffing agency services, identifying potential candidate nurses to fill employment opportunities with its clients.  (A-9-10.)  One such client was Weill, the research unit and medical school of Cornell.  (A-10.)

Sosa also named four individual defendants in his First Amended Complaint ("Complaint").  Two were employed by the Weill Defendants and had supervisory authority over Sosa:  Vargas, who worked as the Administrative Coordinator and Office Manager and who made the comment "you're so street Eddie, you're so street;" and Mazza, who had supervisory authority over Vargas and Sosa and who was a Senior Employee Relations Specialist at Weill.  (A-10-11.)  The other two, Greene and Stanshine, were employed by Local Staff as a Clinical Liaison and as the Vice President of Medical Services, respectively.  (A-11.)

## II.    Factual Background[2]

On or about March 5, 2012, Local Staff placed Sosa, an oncology nurse, with its client, Weill. (A-11-12.)  After a few months working at Weill, on or about May 25, 2012, Sosa alleged that "for absolutely no reason,"  Vargas, Sosa's direct supervisor at Weill, commented to him and a group of other staff members, "You're so street, Eddie, You're so street."  (A-12-13.)  Sosa contends that he believed that the only possible explanation for Vargas's spontaneous, "obviously racially-discriminatory comment" was his race (Latino)—that the inference of the comment was that since Sosa was Latino, he must have "grown up 'on the streets.'"  (*Id.*)

Three days after Vargas, a Latina woman, allegedly made the "street" comment, Sosa attempted to contact Mazza.  (A-13.)  While Sosa did not reach Mazza, he did speak with Angela Charter ("Charter"), Weill's Associate Director of Employee Relations, and informed her of the alleged comment made by Vargas. (A-13.)  Sosa complained again on June 1, 2012 about Vargas's "street" comment, this time speaking directly to Mazza and telling him that "Vargas ha[d] subjected him to discrimination on the basis of race…."  (A-14.)

---

[2] All "facts" recited in this section are drawn from the Complaint, which the Cross Country Defendants and the District Court accepted as true solely for purposes of Cross Country Defendants' Motion to Dismiss.

Despite the fact that the Cross Country Defendants had no supervisory role over, or employment relationship with, any Weill employee, on June 6 and 8, 2012, Sosa complained to Greene about Vargas's "street" comment. (A-11; 14-15.)

On June 8, 2012, Greene received word from Vargas that Weill was terminating Sosa's assignment due to him, *inter alia*, "making a medical error." (A-15.) After receiving word from Weill that they were terminating Sosa's employment, Greene contacted Sosa to inform him of Weill's decision. (*Id.*) During that same conversation, Greene informed Sosa that he was also suspended from Local Staff for six months due to his medical error and that he would need letters of reference, and to complete continuing education classes, in order to be considered for further assignments. (*Id.*)

## III. Procedural History

Sosa filed a charge of discrimination with the Equal Employment Opportunity Commission, and he received his right to sue letter on November 28, 2012. Sosa first filed his complaint with the District Court on December 10, 2012 and amended the complaint on February 4, 2013 (the "Complaint"). The Complaint alleged eight causes of action pursuant to Title VII, § 1981 and the NYCHRL. Specifically, Sosa alleged that he was subjected to disparate treatment and a hostile work environment on account of his race (Latino), and that he was ultimately terminated in retaliation for complaining about his treatment. (A-8-24.)

On March 29, 2013, the Cross Country Defendants moved to dismiss all discrimination and retaliation claims Sosa asserted against them in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  The Weill Defendants, at that time, filed an Answer to the Complaint.

On December 12, 2013, in a thoughtful and comprehensive 24-page opinion, *see* A-25-49, the District Court granted the Cross Country Defendants' motion to dismiss in its entirety, dismissing all claims asserted against them.  In relevant part, the District Court held that Sosa's purported complaint to Greene about Vargas's alleged "you're so street" comment was not "protected activity."  The District Court specifically concluded that Vargas's comment, standing alone, was not sufficient to support an objective good-faith, reasonable belief that he was subjected to racial discrimination and, therefore, Sosa had not engaged in "protected activity."  (A-41-47.)  On February 24, 2014, the Weill Defendants moved to dismiss all claims Sosa asserted against them pursuant to Fed. R. Civ. P. 12(c).  (A-50-69.)  For purposes of this appeal, the District Court dismissed Sosa's retaliation claims against the Weill Defendants for the same reasons set forth in the court's December 12th Order.  (A-63-66.)

# SUMMARY OF ARGUMENT

Sosa appeals the District Court's dismissal of his retaliation claims brought pursuant to Title VII, § 1981 and the NYCHRL.  In his brief, Sosa focuses solely on the reasonableness of his belief that Vargas's comment, "You're so street, Eddie, You're so street," constituted illegal discrimination, arguing that a single, isolated comment of that nature can, as a matter of law, support an objective good-faith, reasonable belief.  Sosa does not—because he cannot—set forth any legal or factual authority for this argument.

As the District Court properly concluded, consistent with this Court's legal precedent and even when viewed most favorably to Sosa, Vargas's comment cannot, as a matter of law, support an objective good-faith, reasonable belief. "[T]o find otherwise would trivialize employment discrimination laws, undermining the serious goals of such legislation."  (A-46-47.)  Indeed, a decision as the one Sosa advocates for would undoubtedly run counter to the fundamental jurisprudence that federal, state and local anti-discrimination laws *do not* protect employees from "petty slights or minor annoyances" that occur in the workplace.  Therefore, the Cross Country Defendants urge this Court to affirm the District Court's December 12th Order, which granted, *inter alia*, their motion to dismiss Sosa's Title VII, § 1981 and the NYCHRL retaliation claims.

## STANDARD OF REVIEW

This Court reviews *de novo* a District Court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). However, the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions and, to that end, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## ARGUMENT

**THE DISTRICT COURT CORRECTLY CONCLUDED THAT SOSA DID NOT PRESENT A *PRIMA FACIE* CASE OF RETALIATION WHERE NO OBJECTIVELY REASONABLE PERSON COULD HAVE HAD A GOOD-FAITH BELIEF HE WAS SUBJECTED TO RACIAL DISCRIMINATION**

To survive a motion to dismiss, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Routolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A plaintiff, such as Sosa, must make factual allegations, sufficient to demonstrate that his entitlement to relief is beyond speculative, and which "actively and plausibly

suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Ne. Inc.*, 507 F.3d

117, 121 (2d Cir. 2007).  Ultimately, a plaintiff must allege "enough facts to state a

claim to relief that is plausible on its face," and if the plaintiff has "not nudged

[his] claims across the line from conceivable to plausible, [the] complaint must be

dismissed."  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  A complaint,

which abounds with bare assertions and generalized conclusions of law, is

insufficient.  *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

      In the employment context, the complaint must allege facts that give fair

notice of the plaintiff's claims and the grounds upon which they rest.  Dismissal is

appropriate where the plaintiff "failed to allege even the basic elements of a

discriminatory action claim." *Maldonado v. George Weston Bakeries*, 441 F.

App'x 808, 809 (2d Cir. 2011) (unpublished opinion) (quoting *Patane v. Clark*,

508 F.3d 106, 112 & n.3 (2d Cir. 2007) (dismissing complaint in gender

discrimination case under Title VII where plaintiff "failed to plead any facts that

would create an inference that any adverse action taken by any defendant was

based upon her gender")).

      In accordance with this standard, the District Court properly dismissed Sosa's

Title VII, § 1981 and NYCHRL retaliation claims because, *inter alia*, the Complaint

failed to set forth factual allegations that plausibly suggested an objectively reasonable

person would have had a good-faith belief that Vargas's "you're so street"

utterance was racial discrimination. (A-41-47; 63-66.) Sosa challenges this decision, arguing that the objective good-faith, reasonable belief requirement "sweeps broader" than these anti-discrimination laws' substantive provisions and, therefore, this single, isolated comment could form an objective good-faith, reasonable belief that unlawful discrimination occurred. (Brief of Appellant at 10-19.) This contention is completely unsupported by the factual record and the law as to the evidence needed to establish that Sosa's complaint to Greene was objectively reasonable and, thus, amounted to "protected opposition activity" under Title VII, § 1981 and the NYCHRL.

## I. VARGAS'S "STREET" COMMENT CANNOT PLAUSIBLY MEET THE OBJECTIVE GOOD-FAITH, REASONABLE BELIEF REQUIREMENT FOR PURPOSES OF TITLE VII AND § 1981

To state a claim for retaliation under Title VII and § 1981, Sosa must plead facts that show, *inter alia*, he engaged in protected activity.[3] "Protected activity for purposes of Title VII … retaliation claims encompasses an employee's complaint to supervisors about alleged unlawful activity, even if the activity turned out not to be unlawful, *provided that the employee had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII*." *Rodas v. Town*

---

[3] The "protected activity" analysis for claims brought under § 1981 is the same analysis employed in the Title VII context. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (discussing claims of retaliation brought under § 1981, and noting that "[a]ll of plaintiffs' retaliation claims are analyzed pursuant to Title VII principles.").

*of Farmington*, 567 F. App'x 24, 26 (2d Cir. 2014) (unpublished opinion) (emphasis added) (internal quotation marks omitted) (citing *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001)). "Mere subjective good faith belief is insufficient[;] the belief must be reasonable and characterized by *objective* good faith." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 16 (2d Cir. 2013) (emphasis in original) (quoting *Sullivan-Weaver v. N.Y. Power Auth.*, 114 F. Supp. 2d 240, 243 (S.D.N.Y. 2000)).

If an objective person could not reasonably conclude from the evidence that discrimination occurred, the employee's discrimination complaint is not protected activity. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (Supreme Court reinstated the grant of summary judgment for employer in Title VII retaliation case because "[n]o reasonable person could have believed that the single incident violated Title VII's standard"). Moreover, "because the analysis for determining whether an employee reasonably believes a practice is unlawful is an objective one, the issue may be resolved as a matter of law." *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 339 (4th Cir. 2006) (citing *Breeden* as resolving objective reasonableness of Title VII plaintiff's beliefs through summary judgment procedure).

Sosa argues that because he need not pled *actual* discrimination, only objective good-faith, reasonable belief, virtually any complaint about an insensitive

comment made at work can support a retaliation claim.  (Brief of Appellant at 13.)

In particular, Sosa contends that Vargas's lone comment, "you're so street," is

sufficient, as a matter of law, to meet the objective good-faith, reasonable belief

requirement.

As the District Court correctly observed: "[a]ny reasonable employee would

recognize that a stray remark, inappropriate but not abhorrent, does not violate the

law; to find otherwise would trivialize employment discrimination laws,

undermining the serious goals of such legislation."  (A-46-47.)  Not every

insensitive workplace comment, this Court has instructed, will meet the objective

good-faith, reasonable belief requirement.  *See, e.g.*, *Kelly*, 716 F.3d at 16-17.  As

the Fourth Circuit succinctly stated:

> Objectively reasonable employees can and do recognize
> that not every offensive comment will by itself transform
> a workplace into an abusive one.  Therefore it sometimes
> will not be reasonable for an employee to believe that the
> isolated harassing event he has witnessed is a component
> of a hostile workplace that is permeated with
> discriminatory intimidation, ridicule, and insult.

*Jordon*, 458 F.3d at 342.

The rationale for the objective good-faith, reasonable belief requirement is

"simple and sensible."  *See Riscili v. Gibson Guitar Corp.*, 605 F. Supp. 2d 558,

565 (S.D.N.Y. 2009).  While Title VII's anti-retaliation provision sweeps broader

than the law's substantive prohibitions, the "provision's reference to practice[s]

forbidden under this chapter is naturally read to require some relationship between the actions an employee complains about [and] those which are illegal as a matter of substantive law." *Id.* at 565-66 (citing *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 134-135 (2d Cir. 1999)) (internal quotation marks omitted).

To that end, courts assess the reasonableness of a plaintiff's belief "in light of the totality of the circumstances." *Galdieri-Ambrosini v. Nat. Realty & Dev. Corp.*, 136 F.3d 276, 292. "Objectively reasonable" means reasonable in light of the facts of the case, and current, substantive legal authority. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999). *See also Harper v. Blockbuster Entm 't Corp.*, 139 F.3d 1385, 1388 n.2 (11th Cir. 1998) ("If the plaintiffs are free to disclaim knowledge of the substantive law, the reasonableness inquiry becomes no more than speculation regarding their subjective knowledge."). In addition, a plaintiff's belief is not automatically reasonable just because his complaint includes words like "discrimination" and "racial slur;" the substance of the complaint must convey a belief that a protected trait like race played a role in the allegedly unlawful conduct. *See Kelly*, 716 F.3d at 15, 17.

Here, the sole basis pled in the Complaint for Sosa's alleged belief that he was opposing proscribed racial discrimination is Vargas's comment, "you're so

street."[4]  As Sosa concedes, *see* Brief of Appellant at 13, it is well-established

jurisprudence that in general a single offensive remark does not violate Title VII

and/or § 1981.  *See, e.g.*, *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d

Cir. 2013) (stating that plaintiff must demonstrate "either that a single incident was

extraordinarily severe, or that a series of incidents were sufficiently continuous and

concerted to have altered the conditions of [his] working environment"); *Danzer v.*

*Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) (same).  "Isolated acts, unless

very serious, do not meet the threshold of severity or pervasiveness."  *Alfano v.*

*Costell*, 294 F.3d 365, 374 (2d Cir. 2002).

Drawing on this principle, the District Court correctly noted, *see* A-45-47,

that this Court, as well as other circuit courts, have repeatedly held that a single

remark, unless serious, cannot support a reasonable belief that the law has been

violated.  *See, e.g.*, *Rodas*, 567 F. App'x at 26 (no reasonable belief that disparate

workplace treatment existed where inappropriate sexually suggestive pictures were

---

[4] Sosa's complaint arguably included the additional grievance that Vargas commented to Sosa, "you look like Urckle." (A-12.)  The District Court held that this allegation was "particularly minor" and does not support an inference that Sosa had an objective good-faith, reasonable belief that he was subjected to racial discrimination.  Sosa does not challenge this conclusion of the District Court and, therefore, his opportunity to do so must be deemed waived and non-reviewable by this Court.  *Lederman*, 731 F.3d at 203 n.1; *Norton,* 145 F.3d at 117. Accordingly, that leaves the "you're so street" comment as the only potential basis for Sosa's belief that he was opposing unlawful conduct.

displayed); *Drumm v. SUNY Geneseo Coll.*, 486 F. App'x 912, 914 (2d Cir. 2012) (unpublished opinion) ("[P]laintiff's allegations that her supervisor 'berated' her and made other harsh comments … amount only to general allegations of mistreatment, and do not support an inference that plaintiff had a reasonable good faith belief that she was subject to gender discrimination"); *Saqib v. Stein deVisser & Mintz, P.C.*, No. 09-4624-cv, 2010 WL 2382253, at *1-2 (2d Cir. June 15, 2010) (no reasonable belief that hostile work environment existed where co-worker commented to Muslim plaintiff you look "like a terrorist"); *Wimmer*, 176 F.3d at 134-35 (no reasonable belief where black police officer overheard racial slurs made by other police officers); *Robinson v. Cavalry Portfolio Servs., LLC,* 365 F. App'x 104, 108, 112 (10th Cir. 2010) (unpublished opinion) (no reasonable belief that hostile environment existed where co-worker engaged in a racially offensive discourse, including use term "nigger" a few times); *Butler v. Ala. Dep't of Transp.,* 536 F.3d 1209, 1213-14 (11th Cir. 2008) (African-American employee did not have an objective good-faith, reasonable belief that racially hostile environment existed where co-worker twice used a racial epithet a few minutes apart); *Henderson v. Waffle House, Inc.,* 238 F. App'x 499, 502-03 (11th Cir. 2007) (unpublished opinion) (no reasonable belief of sexually hostile work environment where the manager made various comments of a sexual nature and teased employee about her large breast size, including in the presence of a customer); *Jordan*, 458 F.3d at 336,

342 (holding no objectively reasonable person could believe that he was working in a hostile work environment based on the single remark, "They should put those two black monkeys in a cage with a bunch of black apes and let the apes f-k them."); *Greene v. A. Duie Pyle, Inc.,* 170 F. App'x 853, 856 (4th Cir. 2006) (employee did not have objective good-faith, reasonable belief that sexually hostile work environment existed where, on a number of occasions, he saw sexually offensive materials and inappropriate jokes in the workplace).   In fact, this Court has explicitly suggested that "one comment, standing alone" is insufficient to create an objective good-faith, reasonable belief that a person has been subjected to workplace discrimination.  *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1179 n.12 (2d Cir. 1996).

Sosa argues that, although his Complaint pleads only a single offensive comment, "other courts" have held that even a single comment may support an objective good-faith, reasonable belief that Title VII and/or § 1981, were violated. (*See* Brief of Appellant at 14.)  While some courts outside the Second Circuit have held, on occasion, that a single comment could generate a reasonable belief of discrimination, the singular statements in those few cases were far more offensive than the one at issue here.

For example, Sosa relies on the Seventh Circuit decision, *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187 (7th Cir. 1994), which is distinguishable from this case.  In *Alexander*, the complained-of comment was "if a nigger can do

it, anybody can do it." *Id.* at 190. Vargas's "so street," unlike the comment in *Alexander*, is not racially charged or severe. At most, Vargas's comment was insensitive.

In his brief, Sosa also relies on two district-court decisions, *Hahn v. Bank of Am. Inc.*, No. 12-cv-4151 (DF), 2014 U.S. Dist. LEXIS 45886 (S.D.N.Y. Mar. 31, 2014) and *Thomas v. iStar Fin., Inc.*, 438 F. Supp. 2d 348 (S.D.N.Y. 2006). Such reliance, however, is misplaced. First, in *Hahn*, the District Court did not conclude, as Sosa suggests, that the plaintiff had an objective good-faith, reasonable belief of unlawful discrimination based on her supervisor's derogatory remark related to her national origin (German). To the contrary, the District Court specifically noted that there may be a dispute as to whether the plaintiff had an objective good-faith, reasonable belief; however, because the defendant failed to timely challenge this point, the District Court did not consider arguments related to the objective good-faith, reasonable belief requirement.

Next, in *Thomas*, the District Court held that a supervisor's comments to African-American employees, upon meeting them, that he could identify with their ethnicity, knew what it was like to grow up poor, that some of his best friends are black, and that he came from where they came from and grew up in the "hood," poor and on welfare were "racially stereotyping, belittling and false." 438 F. Supp. 2d at 365. However, in that case, the plaintiff alleged additional comments that,

taken together, could create an objective good-faith, reasonable belief that the plaintiff was opposing unlawful discrimination. *Id.* Those other comments included the plaintiff's employers referring to his daughter as a "little black dot," referring to him and other African-American employees as "n-----," telling plaintiff "n----- jokes" and calling black women on pornography websites "bitches." *Id.* at 355-56.

Sosa's complaint bears no resemblance to the complaint in *Thomas*. The Complaint, unlike in *Thomas*, alleges only one purportedly inappropriate workplace comment. And, that lone comment, is Vargas's innocuous, race-neutral comment, "you're so street." Sosa attempts to argue that "so street" is not innocuous or race-neutral but rather a negative Latino/Hispanic stereotype; however, he fails to set forth any authority for this contention. He further fails to mention that the comment was made by a woman of Latino origin. (Brief of Appellant at 18-20.)

In sum, even when viewed most favorably to Sosa as an insensitive or offensive comment, the lone comment "so street" is insufficient to create an objective good-faith, reasonable belief that Sosa was subjected to racial discrimination. This conclusion is not only supported by the legal authority cited herein, and factual allegations of the Complaint, but is consistent with the purpose of the objective good-faith, reasonable belief requirement. That requirement is employed by

courts to limit the circumstances in which an employee can claim legal protection for his complaints and to serve the broader purpose of preventing anti-discrimination law from "expanding into a general civility code."  *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).  Therefore, this Court should affirm the District Court's dismissal of Sosa's Title VII and § 1981 retaliation claim.

## II. VARGAS'S "SO STREET" COMMENT ALSO DOES NOT SUPPORT A NYCHRL RETALIATION CLAIM

To establish a *prima facie* case of unlawful retaliation under the NYCHRL, Sosa must plead, *inter alia*, that he participated in "a protected activity."  *See, e.g.*, *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 51-2 (1st Dep't 2012); *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 66 (1st Dep't) (same), *leave to appeal denied*, 13 N.Y.3d 702 (2009).  "Protected activity," as in the Title VII context, encompasses an employee's complaint, even if the activity turned out not to be unlawful, provided that the employee had an objective good-faith, reasonable belief that he was opposing an employment practice made unlawful by the NYCHRL.  *See Fattoruso v. Hilton Grand Vacations, LLC*, 525 F. App'x 26, 27 (2d Cir. 2013) (unpublished opinion); *Fruchtman v. City of New York*, Index No.: 113520/2008, 2014 WL 1234146 (Sup. Ct. N.Y. Cnty. Mar. 20, 2014); *Budzanoski v. Pfizer, Inc.*, 1996 WL 808066, at *10 (Sup. Ct. N.Y. Cnty. Dec. 17, 1996).

The NYCHRL covers a broad range of conduct. In order to prevail on a discrimination or hostile work environment claim under the NYCHRL, a plaintiff, such as Sosa, need not show "severe and pervasive" conduct. Rather, a plaintiff only has to show "differential treatment—that [he] is treated less well—because of a discriminatory intent." *See Malik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110-11 (2d Cir. 2013). In applying this standard, however, this Court has directed District Courts to be "mindful that the NYCHRL is not a 'general civility code.'" *Id.* (citing Williams, 61 A.D.3d at 79-80). "The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive. It is not enough that a plaintiff has an overbearing or obnoxious boss." *Id.*

The sole factual basis pled in the Complaint for Sosa's belief that he was opposing discriminatory practices is Vargas's single, innocuous comment, "you're so street." Sosa's complaint does not plead any factual allegations suggesting that this comment was made with discriminatory motive. A stray—albeit insensitive—remark, such as this, even under the NYCHRL's liberal construction cannot support a discrimination or hostile work environment claim. *See, e.g.*, *Serdans v. N.Y. & Presbyterian Hosp.*, 112 A.D.3d 449, 450 (1st Dep't 2013) (explaining that stray remarks without more do not constitute evidence of discrimination under the NYCHRL); *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 124-25 (1st Dep't 2012) (same). Therefore, Sosa's complaint, even when viewed most favorably to him, failed to set forth a claim for retaliation under the NYCHRL.

## CONCLUSION

Vargas's "so street" comment, standing alone, cannot support an objective good-faith, reasonable belief that Sosa was opposing proscribed discrimination under Title VII, § 1981 or the NYCHRL. Therefore, his factual allegations do not "nudge" his retaliation claims across the line from conceivable to plausible. Accordingly, this Court should affirm the District Court's December 12th Order dismissing Sosa's retaliation claims against the Cross Country Defendants. Further, the Cross Country Defendants respectfully request reimbursement for costs, disbursements and legal fees incurred in connection with this appeal.

Respectfully submitted,

/s/ Joseph C. O'Keefe
Joseph C. O'Keefe
PROSKAUER ROSE LLP
One Newark Center
Newark, New Jersey 07102
Tel: (973) 274-3290
Fax: (973) 274-3299
Email: jokeefe@proskauer.com

*Attorneys for defendant-appellees Cross Country Healthcare, Inc., Local Staff, LLC, David Greene and Isabel Stanshine*

22